ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| | | |
|---|---|---|
| LUIS GUZMÁN CABÁN<br><br>Recurrente | | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación |
| v. | KLRA202400346 | Caso núm.: GMA-500-76-24 |
| DEPARTAMENTO DE CORRECCIÓN Y REHBILITACIÓN<br><br>Recurridos | | *Sobre: Mandamus* Traslado de Institución, Bajo la Ley 130 y Art. 50 de la Ley 116, 22 de julio de 1974 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece por derecho propio y en forma "pauperis", el señor Luis Guzmán Cabán (Sr. Guzmán; recurrente), mediante un recurso de revisión judicial sobre solicitud de traslado. Adelantamos que se confirma la *Respuesta de Reconsideración al miembro de la población correccional* recurrida sin trámite ulterior.[1]

**I**

El Sr. Guzmán se encuentra confinado en la Institución Guayama 500 bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), cumpliendo una sentencia de 11 años por los delitos de Asesinato y de Ley de Armas.[2] El 30 de enero de 2024, presentó una *Solicitud de Remedio Administrativo*, Caso número GMA-500-76-24 ante la División de Remedios del DCR (División de Remedios Administrativos) en la cual expuso y solicitó lo siguiente:

> Según la Ley 130 del Artículo 50, conocida como la Ley Orgánica de la Administración de Corrección, el localiza(*sic*) todo miembro de la población lo más cerca posible a su núcleo familiar. El 17 de noviembre de 2023[,] solicit[é] al

---

[1] La Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7(B)(5), nos concede la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.
[2] Anejo 2 del recurso.

Número Identificador
RES2024_____

Comité de Clasificación y Tratamiento, Tomo 64, páginas 284-285[,] Traslado a Bayamón 501, por la condición delicada y edad de mi padre N[é]stor Guzmán al ser operado de corazón abierto, se le dificulta llegar a Guayama. En adición la situación económica de la familia dificulta a[ú]n m[á]s la situación. Por esta razón solicito una vez mas que reconsidere mi situación personal y familiar con el fin que se me otorgue el traslado lo antes posible. Certificado Médico del Cirujano[,] d]isponible de ser necesario. Gracias por el apoyo.[3]

El recurrente expone en su recurso que "[s]u social [es] Carmen Montes Colón [y] lo tiene en lista de espera. La División de Remedios Administrativos emitió, el 22 de febrero de 2024, su *Respuesta del Área Concernida/Superintendente* suscrita por la TSS Carmen L. Montes, que se cita a continuación:

Su petición de traslado fue tramitada y al momento no ha sido contestada. La Oficina de Clasificación y Tratamiento son los que le hacen dicha solicitud al área de control de población[;] entendemos que de haber el espacio tomarán en consideración su petición de ser trasladado.[4]

Inconforme, el Sr, Guzmán presentó una *Solicitud de reconsideración* ante la División de Remedios Administrativas el 3 de mayo de 2024; el recurrente reiteró las razones antes expuestas.[5] La División de Remedios denegó la petición de reconsideración en su *Respuesta de Reconsideración al miembro de la población correccional* como sigue:

Luego de evaluar la Solicitud de Reconsideración se determinó la modificación de la contestación del Área de Sociales.

[El] Sr. Guzmán, en su Solicitud de Remedio expresó su interés en que sea considerado para traslado. Tiene conocimiento de que el Área de Sociales realizó los trámites pertinentes. Est[á] en espera de la respuesta de la Oficina de Clasificación y Tratamiento.[6]

Aún inconforme, el Sr. Guzmán insiste en la urgencia de su reclamo de traslado, mediante el recurso ante nuestra consideración.

**II**

Las decisiones de los organismos administrativos merecen la mayor **deferencia judicial**, pues son estos los que cuentan con el conocimiento

---

[3] Anejo 3 del recurso, *Solicitud de Remedio Administrativo.*
[4] Anejo 4 del recurso, *Respuesta del Área Concernida/Superintendente.*
[5] Anejo 5 del recurso, *Solicitud de reconsideración.*
[6] Anejo 6 del recurso, *Respuesta de Reconsideración al miembro de la población correccional.*

experto de los asuntos que les son encomendados. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Al momento de "revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia." *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Luego, "[e]n caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener la que seleccionó la agencia, y no sustituir su criterio por el de ésta." *Pacheco v. Estancias*, 160 DPR 409, 432 (2003). A su vez, "[e]l expediente administrativo constituirá la *base exclusiva* para la decisión de la agencia en su procedimiento adjudicativo y para la revisión judicial ulterior. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 LPRA sec. 9675, establece el alcance de la revisión judicial de una determinación administrativa, como sigue:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Se ha pautado por el Tribunal Supremo de Puerto Rico que "los procesos administrativos y las determinaciones de hechos de las agencias est[á]n cobijados por una presunción de regularidad y corrección", por lo que "la revisión judicial se limita a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si ésta actuó de manera arbitraria, caprichosa o ilegal." *Vélez Rodríguez v. Administración de Reglamentos y Permisos*, 167 DPR 684, 693 (2006)

Es decir, *la parte recurrente está obligada a presentar la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). Se sabe que la revisión judicial de determinaciones administrativas ha de limitarse a evaluar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los

poderes que se le delegaron. *Torres v. Junta Ingenieros*, *supra*, a la pág. 708. En ese sentido, *la parte que recurre judicialmente* una decisión administrativa *tiene el peso de la prueba para demostrar que las determinaciones de hechos no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables*. *Rebollo Vda. de Liceaga v. Yiyi Motors*, 161 DPR 69, 77 (2004). La presunción de corrección de la decisión administrativa cederá en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

### III

El Sr. Guzmán insiste en la urgencia de su reclamo de traslado. Sin embargo, ha sido informado del trámite sobre el traslado solicitado, conforme a los procedimientos correspondientes de la Oficina de Clasificación y Tratamiento del DCR, con el propósito de llevarlo a cabo. Luego de examinar el recurso y sus anejos, no hemos encontrado prueba que nos mueva a alterar la determinación del DCR. Conforme con lo intimado anteriormente, las determinaciones de hechos de las agencias administrativas gozan de una presunción de corrección que le corresponde derrotar a quien las impugna. Del expediente surge que el DCR atendió la solicitud de remedio del recurrente y su determinación es razonable y merece nuestra deferencia.

### IV

Por los fundamentos que expresamos anteriormente, se confirma la determinación del DCR.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones